IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER BERENYI,**

    Plaintiff,

v.                                                                         Civil Action No. **3:15CV180**

**KEN STOLLE,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia prisoner proceeding *pro se*, filed this civil action. By Memorandum Opinion and Order entered on May 29, 2015, this Court dismissed the action without prejudice because Plaintiff failed to return a consent to collection of fees form and did not pay the statutory filing fee.

On June 22, 2015, the Court received from Plaintiff a letter that the Court construes as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 9).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Plaintiff indicates that he "sent the form for *in forma pauperis*" and that he is indigent. (Rule 59(e) Mot. 1 (emphasis added).) Plaintiff provides no adequate explanation for his failure to return a completed consent

to collection of fees form. Instead, he states, "I give consent to collect fees although I do not have any at this time." (*Id.* at 2 (capitalization corrected).) Plaintiff fails to demonstrate that the Court committed a clear error of law or that reopening his case is necessary to prevent manifest injustice. Nor does Plaintiff demonstrate any other basis for granting Rule 59(e) relief. *See Williams v. Virginia*, 524 F. App'x 40, 41 (4th Cir. 2013) ("The reconsideration of a judgment after entry is an extraordinary remedy which should be used sparingly." (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998))). Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 9) will be DENIED. Nevertheless, in light of Plaintiff's desire to continue with his claims, the Court will direct the Clerk to refile Plaintiff's complaint as a new civil action as of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: JUL 1 4 2015
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
United States District Judge